Stuart M. Price
**Price Law Group, APC**
6345 Balboa Blvd, Suite 247
Encino, CA 91316
T: (818) 205-2466
E: stuart@pricelawgroup.com

Kathleen Munden
4500 Mercantile Plaza Dr, Suite 300
Fort Worth, TX 76137
972-803-6835 – Cell
817-361-4325 – Office
E: mundenlaw@hotmail.com

*Attorneys for Plaintiffs,*
*Gaerell and Richard Shepherd*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| GAERELL AND RICHARD SHEPHERD, | **Case No.: 3:18-cv-03141-M** |
| Plaintiffs, | **FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | 1. TCPA, 47 U.S.C. § 227 *et. seq.*<br>2. TDCA, Tex. Fin. Code Ann. § 392 *et. seq.*<br>3. Intrusion Upon Seclusion<br>4. Tex. Civ. Prac. & Rem. Code § 41.001*et seq.* |
| CAPITAL ONE BANK (USA) N.A., | |
| Defendant. | |
| | (Unlawful Debt Collection Practices) |

## PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY

## TRIAL

Plaintiffs Gaerell Shepherd ("Mrs. Shepherd") and Richard Shepherd ("Mr.

Shepherd") (collectively, "Plaintiffs" or "Shepherds"), through their attorneys, allege

the following against Capital One Bank (USA), N.A., ("Defendant" or "Capital One"):

## INTRODUCTION

1. Count I of Plaintiffs' Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiffs' Complaint is based upon the Texas Debt Collections Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiffs' Complaint is based upon the Invasion of Privacy – Intrusion Upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to the reasonable person."

4. Count IV Plaintiffs' Complaint is based upon Tex. Civ. Prac. & Rem. Code § 41.001*et seq.*, which allows a Plaintiff to recover exemplary damages where the "claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from: (1) fraud; (2) malice; or (3) gross negligence."

## JURISDICTION AND VENUE

5.  Jurisdiction of the court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

6.  Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

7.  Defendants transact business here; therefore, personal jurisdiction is established.

## PARTIES

8.  Plaintiffs are a natural person residing in Dallas, Texas.

9.  Plaintiffs are  "consumer[s]" as defined by *Tex. Fin. Code Ann. § 392.001(1)).*

10. Defendant is a "debt collector" as defined by *Tex. Fin. Code Ann. § 392.001(6).*

11. Defendant is a "creditor" as defined by *Tex. Fin. Code Ann. § 392.001(3).*

12. Defendant, Capital One Bank (USA) N.A, is a national banking association headquartered in Virginia, and that engages in business in Colorado. Defendant can be served with process through its agent, Corporation Service Company, at 1111 East Main Street, Richmond, Virginia 23219.

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

1.  Defendant is attempting to collect an alleged debt from Plaintiff Mrs. Shepherd.

2. In or around June 2018, Defendant began placing calls to two of the Shepherds home phone numbers, one ending in "0807" and the other ending in "0015."

3. On or about June 1, 2018, at 2:33 p.m., the Shepherds received a call on their home phone from (866) 953-7906.

4. Mrs. Shepherd answered the phone and heard a short pause before the Defendant began to speak. During this conversation, Capital One's representative indicated that Defendant was attempting to collect a debt. Mrs. Shepherd clearly stated that she did not want Capital One to call her anymore.

5. Capital One ignored her request and continued to call her house phone, even calling the next on or about June 2, 2018 at 3:51 p.m.

6. The Shepherds' continued to receive phone calls throughout the month of June, July and August 2018.

7. On or about August 30, 2018, Plaintiffs received a call from (866) 953-7906. Mrs. Shepherd answered the phone, but there was no live person, just a recording.

8. After the call in ¶ 7, at approximately 12:40 p.m., Mrs. Shepherd called Capital One at (866) 953-7906. Mrs. Shepherd spoke to a representative named John and told him that she was a cancer survivor, that she is taking prescription medication for her pain, and that she wanted Capital One to stop calling her.

9. The calls placed by Defendant mainly originated from (866) 953-7906 and (800) 955-6600. Upon information and belief, these phone numbers are owned or operated by Defendant.

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

14. On numerous occasions, Defendant left pre-recorded messages on the Shepherds home phone answering machines, including but not limited to:

    a.  On or about August 22, 2019 at 11:22 a.m.;

    b.  On or about August 23, 2018 at 9:49 a.m.;

    c.  On or about August 24, 2018 at 9:23 a.m.;

    d.  On or about August 25, 2018 at 11:44 a.m.;

    e.  On or about August 26, 2018 at 2:47 p.m.;

    f.  On or about August 28, 2018 at 10:13 a.m.;

    g.  On or about August 29, 2018 at 9:57 a.m.

15. There were several occasions where the Defendant called the Shepherds multiple times in one day.

16. Between June 1, 2018 and August 30, 2018, Defendant called Plaintiff approximately one-hundred (100) times.

17. Defendant's conduct in attempting to improperly collect on a debt violated the TDCA, § 392.302(4) by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

18. The conduct was not only willful but was done with the intention of causing Plaintiffs such distress, so as to induce them to pay the debt.

19. Further, the conduct was done with such frequency so as to harass Plaintiffs.

20. Both Mr. and Mrs. Shepherd are sixty-nine (69) years of age.

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

21. Mrs. Shepherd is a cancer survivor and is currently on prescription medication for the pain. Because of the Shepherds age and medical conditions, they do not work. The phone calls from Defendant caused the Shepherds to suffer from anxiety, stress, and headaches.

22. <u>Defendant was aware of Plaintiff's health and age while it placed its barrage of phone calls and pre-recorded messages.</u>

23. Additionally, as a result of Defendant's conduct, Plaintiffs have sustained actual damages including but not limited to, embarrassment, emotional and mental pain and anguish.

## **COUNT I**

### **(Violations of the TCPA, 47 U.S.C. § 227)**

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(B) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. . ."

b.  Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiffs at Plaintiffss home telephone using an artificial or prerecorded voice to deliver a message without the Plaintiffs' prior express consent.

26. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiffs are entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiffs are entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### (Violations of the TDCA, Tex. Fin. Code Ann. § 392 *et seq*.)

27. Plaintiffs incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

28. Defendant violated the TDCA. Defendant's violations include, but are not limited to, the following:

a.  Defendant violated Tex. Fin. Code Ann. § 392.302(4) by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

29. Defendant's acts, as described above, were done knowingly and willfully.

30. As a result of the foregoing violations of the TCDA, Defendant is liable to Plaintiffs for declaratory judgment that Defendant's conduct violated the TCDA, actual damages, statutory damages, and attorney's fees and costs.

## COUNT III

### (Intrusion Upon Seclusion)

31. Plaintiffs incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

32. Restatement of the Law, Second, Torts § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

33. Defendant violated Plaintiffs' privacy. Defendant's violations include, but are not limited to, the following:

   a. Defendant intentionally intruded, physically or otherwise, upon Plaintiffs' solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

   b. The number and frequency of the telephone calls to Plaintiffs by Defendant after requests for the calls to cease constitute an intrusion on Plaintiffs' privacy and solitude.

    c.  Defendant's conduct would be highly offensive to a reasonable person as Plaintiffs received calls that often-interrupted Plaintiffs' daily and sleep schedule.

    d.  Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debt.

34. As a result of Defendant's violations of Plaintiffs' privacy, Defendant is liable to Plaintiff for actual damages.

## COUNT IV

### (Tex. Civ. Prac. & Rem. Code § 41.001 *et seq.*)

35. Plaintiffs incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

36. Tex. Civ. Prac. & Rem. Code § 41.001 allows a Plaintiff to recover exemplary damages where the "claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from: (1) fraud; (2) malice; or (3) gross negligence."

37. Tex. Civ. Prac. & Rem. Code § 41.001(2) defines "clear and convincing" as the "measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established."

38. Tex. Civ. Prac. & Rem. Code § 41.001(7) defines "malice" as "a specific intent by the defendant to cause substantial injury or harm to the claimant."

39. Tex. Civ. Prac. & Rem. Code § 41.001(2) defines "gross negligence" as "an act or omission: (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

and magnitude of the potential harm to others; and (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others."

40. Plaintiff is informed and believes that the aforesaid conduct was malicious and grossly negligent, as those terms are defined by Tex. Civ. Prac. & Rem. Code § 41.001(1)-(11), as Defendant's conduct was done in complete conscious disregard of Plaintiffs' rights and safety.

41. Defendant was aware that Plaintiffs requested to not be called anymore, and that Plaintiffs were elderly, and yet, Defendant continued its bombardment of harassing phone calls to Plaintiff in violation of the TCPA, TCDA, and Plaintiffs' privacy rights.

42. As a result of Defendant's conduct and violations, Defendant is liable to Plaintiffs for punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Gaerell and Richard Shepherd respectfully requests judgment be entered against Defendant, Capital One Bank (USA), N.A., for the following:

A. Declaratory judgment that Defendant violated the TCPA and TDCA;

B. Actual damages pursuant to Ten. Fin. Code Ann. § 392.403(a)(2);

C. Cost and reasonable attorneys' fees pursuant to Ten. Fin. Code Ann. § 392.403(b);

D. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

E.  <u>Punitive damages to be determined at trial, for the sake of example and punishing Defendant for their malicious and/or gross negligence, pursuant to Tex. Civ. Prac. & Rem. Code § 41.008(b);</u>

F.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G.  Any other relief that this Honorable Court deems appropriate.

## **<u>DEMAND FOR JURY TRIAL</u>**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: <u>December 17, 2018</u>

By: /s/ *Stuart Price*
Stuart Price, Esq.
6345 Balboa Blvd, Suite 247
Building 2
Encino, CA 91316
Tel: 818-205-2466
Stuart@pricelawgroup.com

Kathleen Munden
mundenlaw@hotmail.com
4500 Mercantile Plaza Dr, Suite 300
Fort Worth, TX 76137
972-803-6835 – Cell
817-361-4325 – Office

Attorney for Plaintiffs,
*Gaerell and Richard Shepherd*

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL