IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GAERELL and RICHARD SHEPHERD**, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | Civil Action No. **3:18-CV-3141-L** |
| **CAPITAL ONE BANK (USA) N.A.**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Capital One Bank (USA) N.A.'s Motion for Partial Dismissal (Doc. 16), filed January 7, 2019. After considering the motion, briefs, pleadings, and applicable law, the court **denies without prejudice** Capital One Bank (USA) N.A.'s Motion for Partial Dismissal (Doc. 16) and will allow Plaintiffs to file an Amended Complaint that cures the deficiencies noted by Defendant, as it is unclear at this juncture whether amendment is futile.

**I.      Factual and Procedural Background**

Plaintiffs Gaerell and Richard Shepherd ("Plaintiffs") brought this action against Defendant Capital One Bank (USA) N.A. ("Defendant") on November 28, 2019. On December 17, 2019, Plaintiff filed their First Amended Complaint ("Complaint") in which they assert claims for alleged violations of the Telephone Consumer Protection Act and Texas Debt Collection Practices Act, and an invasion of privacy claim based on intrusion upon seclusion under Texas common law. Plaintiffs seek actual damages, statutory damages, and exemplary damages under Texas Civil Practice and Remedies Code § 41.008(b), attorney's fees, and prejudgment and postjudgment interest. In its Motion to Dismiss, Defendants seeks dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(6), of Plaintiffs' intrusion upon seclusion claim and request for exemplary damages. Plaintiffs

filed a response in opposition to the Motion to Dismiss on January 28, 2019, to which Defendant filed a reply on February 11, 2019.

**II.     Standard for Rule 12(b)(6) - Failure to State a Claim**

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).  A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted).  The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).  When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area*

*Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has

pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### III.  Analysis

After reviewing Defendant's Motion to Dismiss, the parties' briefs, the Complaint, and applicable law, the court determines that Plaintiffs' pleadings with respect to their intrusion upon and seclusion claim and request for exemplary damages are deficient for the reasons indicated by Defendant. Plaintiffs have not sought leave to further amend their pleadings, and the court has concerns whether they can allege facts to support this claim and their request for exemplary damages. The court will, nevertheless, allow Plaintiffs to file an amended complaint that cures the deficiencies noted by Defendant regarding their intrusion upon and seclusion claim and request for exemplary damages because it is unclear at this juncture whether allowing them to amend their pleadings would be futile, and they have previously only amended their pleadings once. Accordingly, the court will deny without prejudice the Motion to Dismiss and allow Plaintiffs to amend their pleadings, but only with respect to their intrusion upon and seclusion claim and request for exemplary damages. If Plaintiffs wish to amend their pleadings in other respects, they must first seek leave to do so or

obtain Defendant's consent, as they have already amended their pleadings once as a matter of course under Rule 15(a).

### IV.   Conclusion

For the reasons stated, the court **denies without prejudice** Capital One Bank (USA) N.A.'s Motion for Partial Dismissal (Doc. 16). Plaintiffs **shall** file an amended complaint that cures the deficiencies noted in Defendant's Motion to Dismiss by **September 16, 2019.** Failure to do so will result in dismissal with prejudice under Rule 12(b)(6), without further notice, of their intrusion upon seclusion claim and request for exemplary damages under Texas law.

**It is so ordered** this 27th day of August, 2019.

Sam A. Lindsay
United States District Judge